## In re TAYLOR-LOGAN CO.

(Court of Appeals of District of Columbia. Submitted May 10, 1921. Decided June 6, 1921.)

No. 1417.

Trade-marks and trade-names and unfair competition ⊖43—"Mail Order" as trade-mark is apt to be confused with "Mail."

An application to register the words "Mail Order" as a trade-mark for various kinds and grades of paper was properly denied as being so similar to an existing trade-mark, consisting of the word "Mail" either alone or printed on a representation of a mail box, as likely to cause confusion or mistake in the minds of the public, or to deceive purchasers, under Act Feb. 20, 1905, § 5 (Comp. St. § 9490).

Appeal from the Commissioner of Patents.

Application by the Taylor-Logan Company for registration of a trade-mark. Application denied, and applicant appeals. Affirmed.

George H. Kennedy, Jr., of Worcester, Mass., for appellant.

T. A. Hostetler, of Washington, D. C., for the Commissioner of Patents. ·

SMYTH, Chief Justice. Appellant asked the Commissioner of Patents to register the words "Mail Order" as a trade-mark for various kinds and grades of paper manufactured by it. The request was denied on the ground that there were registered for J. C. Blair Company two similar marks, which were applied to the same class of goods, namely, paper of different kinds, and that if appellant's mark were granted registration it would "be likely," in the language of the statute, "to cause confusion or mistake in the mind of the public, or to deceive purchasers. * * *" 33 Stat. 725 (Comp. St. § 9490).

The Blair Company's marks consist, in one case, of a representation of a mail box with the word "Mail" on it, and, in the other, of the word "Mail" printed in a special manner. The word "Mail," then, is common to all the marks and is prominent in each. Appellant takes a part of the Blair Company's mark in one case and the entire mark in the other and adds to it the word "Order." The word "Mail" is the principal element in each case, and the appellant, by appropriating it, has formed a mark which, in our judgment, is deceptively similar to each of the Blair Company's marks.

"It is not necessary to constitute an infringement that every word of a trade-mark shall be appropriated. It is sufficient that enough be taken to deceive the public in the purchase of a protected article." Saxlehner v. Eisner & Mendelson, 179 U. S. 19, 33, 21 Sup. Ct. 7, 45 L. Ed. 60.

Marks which have been held to be deceptively similar are "Auto-noisettes" and "Auto" (Walter Baker & Co. v. Delapenha et al. [C. C.] 160 Fed. 746); "Pride" and "Pride of Syracuse" (Hier v. Abrahams, 82 N. Y. 519, 37 Am. Rep. 589); "Queen" and "Queen of the West" (Ammon & Person v. Narragansett Dairy Co. [D. C.] 252 Fed. 276: "Chancellor Club" and "Club Cocktails" (In re S. C. Herbst Importing Co., 30 App. D. C. 297); "Orchestrola" and "Orchestrelle" (Thomas Manufacturing Co. v. Æolian Co., 47 App. D. C. 376); "Mentho-

listine" and "Listerine" (Lambert Pharmacal Company v. Mentho-Listine Chemical Company, 47 App. D. C. 197); and "U-Lavo" and "Lava" (William Waltke & Co. v. Geo. H. Schafer & Co., 49 App. D. C. 254, 263 Fed. 650).

The principles governing the solution of the question as to whether or not trade-marks applied to the same class of goods are likely to produce confusion have been so often discussed and applied by this court that we do not think it necessary to do more than to direct attention to the decisions just referred to and to those cited by the Commissioner of Patents in his opinion, which we affirm.

Affirmed.